784 F.2d 186
 Jonathan SAVIDGE, by his parents and next friends, Wilbur
SAVIDGE and Felicia Savidge, et al.,
Plaintiffs-Appellants Cross-Appellees,
v.
Jaylor FINCANNON, Superintendent, Fort Worth State School,
et al., Defendants-Appellees Cross-Appellants.
 No. 84-1753.
 United States Court of Appeals,
Fifth Circuit.
 March 3, 1986.
 
 David Ferleger, Philadelphia, Pa., G. Stanley Cramb, Bedford, Tex., for plaintiffs-appellants cross-appellees.
 Fred Weldon, Asst. Atty. Gen., Dallas, Tex., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees cross-appellants.
 Appeal from the United States District Court for the Northern District of Texas.
 Before RANDALL, DAVIS and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 We withheld the mandate in this case pending a final resolution of Green v. McKaskle. The consideration of that case has resulted in the following action: 1) The mandate in Johnson v. McKaskle, 727 F.2d 498 (5th Cir.1984) was recalled and part III of that opinion deleted; 2) the Fifth Circuit Judicial Council issued an administrative order which ended the policy of transferring individual actions by TDC inmates which implicate the Ruiz v. McCotter order to the court presiding over Ruiz. This order recognized that implementation of the Johnson policy had deluged the Eastern District of Texas with more cases than it could effectively handle and had created an administrative nightmare. We are driven by the same considerations in this case. The administrative difficulties that flow from the concentration in a single court of the individual claims of all patients in Texas state mental institutions more than offset the advantages of having a single judge preside over these claims.
 
 
 2
 Experience and insight gained from following the Johnson policy leads us to conclude that this action should remain with the court in which the action was filed. Accordingly, pages 640 beginning with the sentence, "We conclude that the same considerations ..." through 642 of our original opinion, 768 F.2d 639, is recalled; the dismissal of this action by the district court is reversed and the case is remanded to the Northern District of Texas for further proceedings.
 
 
 3
 REVERSED and REMANDED.